UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ZAMAN ASHRAF,

                Plaintiff,                **MEMORANDUM AND ORDER**
   -against-                              Case No. 10-CV-1236 (FB)

RICHARD JASPER,

                Defendant.
---------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
ZAMAN ASHRAF, *pro se*
38350-083
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BLOCK, Senior District Judge:**

        Zaman Ashraf brought the instant action, alleging fraud and breach of contract in connection with his representation by Richard Jasper, Ashraf's retained attorney in his criminal prosecution before the Court.[1] Ashraf argues that the Court has ancillary jurisdiction over this action in connection with the aforementioned criminal trial, as well as his petition for relief under 28 U.S.C. § 2255. For the following reasons, the Court does not have ancillary jurisdiction.

        "Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (internal citations omitted). Ancillary jurisdiction, however, "recognizes

---

[1]Ashraf was convicted of one count of conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. § 846; two counts of distribution and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841; and one count of distribution and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841. *United States v. Ashraf*, 04-CR-445 (E.D.N.Y. Nov. 16, 2007), *aff'd*, 320 Fed. Appx. 26 (2d Cir. 2009).

1

federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* at 378. The doctrine "is aimed at enabling a court to administer justice within the scope of its jurisdiction[, and it] may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition of claims that are, in varying respects and degrees, factually interdependent by a single court, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Garcia v. Teitler*, 443 F.3d 202, 208 (2d Cir. 2006) (citing *Kokkonen*, 511 U.S. at 379-80). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 378.

*Garcia*, the only case cited by Ashraf, is instantly distinguishable. *Garcia* holds that "[i]n order to guarantee a defendant's right to choose his own counsel *where, as here, his criminal case is ongoing,* and to avoid the possibility of defendants becoming indigent and requiring the appointment of counsel, a district court must be able to exercise ancillary jurisdiction to resolve a fee dispute." 443 F.3d at 209 (emphasis added) (expressly limiting its holding to the "[resolution of] a fee dispute after an attorney withdraws following a *Curcio* hearing"). None of the interests identified in Garcia are implicated by Ashraf's complaint, and Ashraf has not identified, nor is the Court aware of, any case which supports Ashraf's argument that the Court has ancillary jurisdiction over claims arising from a fee dispute made long after the conclusion of a criminal trial.

Additionally, neither of the purposes for exercising ancillary jurisdiction identified by the Supreme Court in *Kokkonen* apply to Ashraf's claims. First, his state law claims sounding in fraud and contract are not factually or legally interdependent with his narcotics prosecution or the claims made in his petition under 28 U.S.C. § 2255; they cannot affect the outcome of either, nor do they implicate Ashraf's constitutional rights. *See Garcia*, 443 F.3d at 209. Accordingly, they

2

do not hinder the Court's ability to "effectively dispose of the principal case [or] do complete justice in the premises." *Id.* at 208.

With regard to the second purpose, Ashraf's state law claims in no way hinder the Court's ability to function successfully or "to manage its proceedings, vindicate its authority, and effectuate its decrees" with regard to either Ashraf's criminal conviction or sentence, affirmed by the Second Circuit on April 6, 2009, or his § 2255 petition, which was denied by the Court on July 22, 2010. *Kokkonen*, 511 U.S. at 380.

## CONCLUSION

The Court does not have ancillary jurisdiction over Ashraf's complaint. Accordingly, the complaint is dismissed in its entirety.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 27, 2010